808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Harold Philip SPEIRER, Appellant.
 No. 86-5038.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided Dec. 18, 1986.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Warren A. Brown, Assistant Federal Public Defender (Fred Warren Bennett, Federal Public Defender on brief) for appellant.
 Michael G. Middleton, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 Harold Philip Speirer appeals his conviction for armed robbery of the Citizen's Savings and Loan Association of Gaithersburg, Maryland. Appellant's only claim on appeal is that the prosecutor's closing argument in effect would shift the burden of proof from the government to the defendant. Defense counsel did not object at trial. Finding that the prosecutor's argument did not constitute "plain error," we affirm appellant's conviction.
 
 
 2
 Appellant was charged with two separate bank robberies. The first occurred on April 29, 1985 at the Citizen's Bank in Bethesda, Maryland, and was committed by two individuals, one wearing a clear plastic mask. The second robbery was on May 7, 1985 at the Citizen's Savings and Loan Association in Gaithersburg, Maryland, and was the work of a single individual wearing a clear plastic mask and fitting the description of the masked robber in the April 29, 1985 robbery. No surveillance photographs were taken of the April 29, 1985 robbery, but one was taken of the individual involved on May 7, 1985.
 
 
 3
 The issue at trial was the identification of Speirer as the robber.
 
 
 4
 Defense counsel, in closing argument, contended that the prosecutor had not met his burden of identifying the appellant and criticized the prosecution's failure to conduct a line-up, or to use trigonometric projections on the surveillance photograph taken during the second bank robbery to determine the robber's height. On rebuttal, the prosecutor responded by arguing that defense counsel could have conducted a line-up and performed trigonometric projections if he so desired.
 
 
 5
 Defense counsel did not object to these statements at trial. Appellant was convicted of the second bank robbery. Appellant appeals this conviction claiming that the prosecutor's statements impermissibly shifted the burden of proof.
 
 
 6
 Since this issue is raised for the first time on appeal it can only be set aside if the prosecutor's statements amount to "plain error". United States v. Young, 470 U.S. 1 (1985); Fed.R.Crim.P. 52(b). On review of the entire record before us using the factors set out in United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), we find that the prosecutor's statements do not amount to "plain error".
 
 
 7
 While the prosecutor's statements may have been improper, any misleading effect was minimal. The jury was charged on at least six occasions that the burden of proof was on the prosecution and it was stated explicitly that the prosecution must prove identity beyond a reasonable doubt. The prosecutor qualified his argument that the defendant could have availed himself of a line-up or trigonometric computations by specifically stating such argument was not meant to indicate any shift of the burden of proof.
 
 
 8
 Any misleading effect was also mitigated by the isolated nature of the prosecutor's remarks and the strength of the prosecution's case. The government offered the testimony of four bank employees, one from the first robbery and three from the second, who identified appellant as the individual wearing the clear plastic mask. Also presented was the testimony of two of the appellant's own acquaintances who unequivocably identified Speirer as the person in the surveillance photograph taken in the robbery for which he was convicted.
 
 
 9
 There is no evidence that the prosecutor deliberately tried to mislead the jury with these remarks.
 
 
 10
 Accordingly, the appellant's conviction is affirmed.
 
 
 11
 AFFIRMED.